IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH H. WARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 5691 |
| v. | ) | |
| | ) | |
| HARVEY AUTO CREDIT, LLC, | ) | Judge Jorge L. Alonso |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Ware filed a four-count complaint against Harvey Auto Credit, LLC ("Harvey Auto") alleging violations of the Truth in Lending Act ("TILA") (Count I), the Equal Credit Opportunity Act ("ECOA") (Count II), the Illinois Consumer Fraud Act ("ICFA") (Count III), and the Illinois Commercial Code (Count IV). Defendant moves to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is denied.

## BACKGROUND

On November 5, 2015, plaintiff entered into an unconditional retail installment sale contract ("RISC") with defendant to buy a car, but claims he never received a copy of the contract. (Compl. ¶¶ 3-4.) Plaintiff made a $2,000 down payment for the car, which turned out to be a lemon. (*Id.* ¶¶ 5-6.) Defendant promised to exchange the car for one that was not defective, but when plaintiff arrived at Harvey Auto to make the exchange, defendant blocked plaintiff's car and took the keys. (*Id.* ¶¶ 6-7.) After his car was seized, plaintiff demanded that he be reimbursed for the $2,000 down payment, but defendant refused. (*Id.* ¶ 8.) Plaintiff filed suit seeking actual, statutory, and punitive damages as well as declaratory and injunctive relief.

**STANDARD**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need [ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

**DISCUSSION**

Defendant moves to dismiss all claims on the ground that plaintiff is judicially estopped from suing because he failed to disclose the claims in a prior bankruptcy case.[1] (Def.'s Mot. at 1-2.) In the bankruptcy proceeding, filed in February 2016, plaintiff stated that he did not have

---

[1] Defendant refers to Northern District of Illinois Bankruptcy case 16-03789, wherein plaintiff was the debtor.

any claims against third parties. (*Id*. at 3.) In May 2016, three weeks after the bankruptcy was discharged, plaintiff filed this lawsuit. (*Id*.) Plaintiff contends he overlooked the $2,000 claim at issue in this case when completing his bankruptcy petition. (Pl.'s Resp. at 1.) After defendant filed the motion to dismiss, plaintiff reopened the bankruptcy case to amend the schedules to reflect the $2,000 claim against Harvey Auto. (*Id*.) Defendant counters that the short time frame between the bankruptcy discharge and the filing of the complaint in this case belies plaintiff's contention that he merely overlooked the claims. (Def.'s Reply at 2.) Further, defendant asserts that plaintiff's amended disclosure indicated that this claim was valued at $2,000 and that now he seeks additional statutory damages. (*Id*. at 3.) After plaintiff amended the bankruptcy schedule, the bankruptcy court again closed the case. (Pl.'s Sur-Reply at 1.)

"Judicial estoppel is an equitable doctrine that 'prevents a party from prevailing on an argument in an earlier matter and then relying on a contradictory argument to prevail in a subsequent matter.'" *Thompson v. Vill. of Monee,* No. 12 CV 5020, 2014 WL 4175915, at *4 (N.D. Ill. Aug. 22, 2014) (quoting *Wells v. Coker,* 707 F.3d 756, 760 (7th Cir. 2013)). "In the bankruptcy context, judicial estoppel bars a debtor 'who denies owning an asset, including a chose in action or other legal claim, from realizing on that concealed asset after the bankruptcy ends.'" *Id.* (quoting *Cannon-Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006)). Courts in this circuit have held that "dismissing a case on judicial estoppel grounds for failing to disclose a preexisting legal claim during a bankruptcy case is appropriate only where the plaintiff intended to deceive the bankruptcy court." *David v. Wal-Mart Stores, Inc.,* No. 11 C 8833, 2014 WL 5510986, at *4 (N.D. Ill. Oct. 24, 2014) (citing *Spaine v. Cmty. Contacts, Inc.,* 756 F.3d 542, 547 (7th Cir. 2014)); *see also Van v. Ford Motor Co.,* Case No. 14 CV 8708, 2016 WL 1182001, at *2 (N.D. Ill. Mar. 28, 2016) ("Courts make an exception [to judicial estoppel] where an omission

3

of a claim from the bankruptcy schedule is innocent, meaning based on poor communication with counsel or on the good faith belief that the claim has no value.") (citing *Metrou v. M.A. Mortenson Co.,* 781 F.3d 357, 360 (7th Cir. 2015)).

Plaintiff contends that the failure to disclose his legal claim was an oversight and he subsequently amended the bankruptcy schedule to reflect the claim. Unlike the plaintiff in *Cannon-Stokes*[2] who failed to disclose a $300,000 employment discrimination claim and made no effort to amend her bankruptcy schedules, this plaintiff failed to disclose a $2,000 lawsuit that had yet to be filed. *Cf. Leventhal v. Schenberg,* 917 F. Supp. 2d 837, 848 (N.D. Ill. 2013) (applying *Cannon-Stokes* and barring plaintiff's claim for copyright infringement because plaintiff asserted ownership of the copyright, had valued his infringement claims at $5,000,000 in a previous lawsuit, and took no action to amend his bankruptcy schedules). While the timing of plaintiff's lawsuit and his amendment in the bankruptcy court may be suspect, at this stage of the litigation the Court draws all reasonable inferences in plaintiff's favor. *See Rogers v. Ford Motor Co.,* Case No. 12 C 7220, 2015 WL 2097679, at *4 (N.D. Ill. May 4, 2015) ("[T]he timing and nature of the disclosure, by themselves, fail to establish that [plaintiff] engaged in deception and manipulation of the bankruptcy court proceedings to gain a benefit in this subsequent . . . litigation action."). The Court denies the motion, but notes that nothing precludes defendant from reasserting the estoppel defense at the summary judgment stage[3] if warranted by what is borne out in discovery. *See Van,* 2016 WL 1182001, at *3 (denying motion to dismiss several plaintiffs' claims on judicial estoppel grounds because lawsuit was filed after bankruptcies had

---

[2] In *Cannon-Stokes,* plaintiff appealed the district court's grant of summary judgment. *See* 453 F.3d at 448. Earlier in the litigation, the district court denied a motion to dismiss on judicial estoppel grounds because it concluded that plaintiff's failure to disclose the employment discrimination suit to the bankruptcy court was not done in bad faith. *See Cannon-Stokes v. Potter,* No. 03 C 1942, 2004 WL 407014, at *4-5 (N.D. Ill. Mar. 4, 2004).

[3] The Court declines to convert defendant's motion to dismiss to a motion for summary judgment because the parties' briefs are sparse and attach as exhibits only documents filed in the bankruptcy court.

4

been discharged or plaintiffs amended the bankruptcy schedule to reflect lawsuit and notified the trustee); *Rogers,* 2015 WL 2097679, at *4 (court could not find, as a matter of law, that plaintiff was judicially estopped from pursuing her claims when she failed to disclose the case in bankruptcy proceedings but later amended her filings); *David*, 2014 WL 5510986, at *4 (denying motion to dismiss and holding that plaintiff's case was not judicially estopped because his failure to disclose the legal claim during a bankruptcy proceeding was inadvertent).

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss [11] is denied. Defendant is directed to answer the complaint by June 23, 2017. A status hearing is set for July 25, 2017.

**SO ORDERED.**                 **ENTERED: June 2, 2017**

                                                   **JORGE L. ALONSO**
                                                   **United States District Judge**